## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KIMBERLY CASSEL,** | : | |
| **Plaintiff** | : | |
| | : | **No. 4:20-cv-00703** |
| **v.** | : | |
| | : | **(Judge Kane)** |
| **KILOLO KIJAKAZI,**[1] | : | **(Magistrate Judge Cohn)** |
| **Acting Commissioner of Social Security,** | : | |
| **Defendant** | : | |

## <u>ORDER</u>

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS**:

On February 6, 2017, Plaintiff Kimberly Cassel ("Plaintiff") filed for supplemental security income ("SSI") under Title XVI of the Social Security Act ("Act"), alleging disability stemming from a mass on her spinal cord, muscle disease, vertigo, migraines, and bilateral occipital neuralgia.  (Doc. Nos. 14-5 at 2-8, 14-6 at 27-36.)  On February 11, 2019, the Administrative Law Judge ("ALJ") found that Plaintiff was not disabled as defined under the Act.  (Doc. No. 14-2 at 15-28.)  The Social Security Appeals Council denied review of the ALJ's decision on March 20, 2020.  (<u>Id.</u> at 6-10.)  Therefore, the Court considers the decision of the ALJ final and ripe for judicial review.  <u>See</u> 42 U.S.C. § 405(g).

On April 27, 2020, Plaintiff filed the above-captioned action appealing the ALJ's February 11, 2019 final decision denying her claim for disability benefits.  (Doc. No. 1.) Plaintiff alleged that the ALJ erred on a variety of grounds, related both to the ALJ's substantive determination that Plaintiff is not disabled and to the ALJ's procedural decision to exclude from

---

[1] Since the imposition of this action, Andrew Saul has been succeeded as Acting Commissioner of the Social Security Administration by Kilolo Kijakazi.  Pursuant to Federal Rule of Civil Procedure 25(d), a public officer's successor is automatically substituted as a party in an action brought against the public officer in an official capacity.

the record three residual functional capacity assessments ("RFCs") filled out by Dr. Watkin, one of Plaintiff's treating physicians.  (Doc. No. 18 at 4.)  The ALJ excluded the RFCs because they were submitted only three days before the hearing, in violation of 20 C.F.R. § 416.1435(b) ("Five-Day Rule") a Social Security Administration ("Administration") regulation which allows an ALJ to refuse to consider evidence submitted later than five days prior to an SSI hearing, unless the evidence falls within one of three enumerated exceptions.  (Doc. No. 14-2 at 18.)  At the hearing, Plaintiff's representatives did not argue that the Watkin RFCs qualified for an exception from the Five-Day Rule.  (Doc. No. 18 at 7.)

Before the Court are:  (1) Magistrate Judge Cohn's Report and Recommendation in the above-captioned case (Doc. No. 18), recommending that the decision of the Social Security Commissioner ("Defendant") denying Plaintiff's application for SSI be vacated and remanded to the Administration; (2) Defendant's objections to the Report and Recommendation (Doc. No. 21); and (3) Plaintiff's response to Defendant's objections (Doc. No. 22).

In his August 6, 2021 Report and Recommendation, Magistrate Judge Cohn addressed only Plaintiff's procedural contentions and did not address whether the ALJ's conclusions were supported by substantial evidence.  (Doc. No. 18.)  Magistrate Judge Cohn recommended vacating the decision of the ALJ and remanding the case to the Administration, finding that:  (1) the ALJ abused her discretion by failing to admit the late-submitted RFCs; (2) Plaintiff was misled as to the proper timeframe for submitting evidence by the regulations and by communications from the Administration, making admission of the RFCs compulsory under the exception to the Five-Day Rule in 20 C.F.R. § 416.1435(b)(1); and (3) the ALJ's choice to address the purportedly excluded RFCs at the hearing made them part of the record, and the ALJ

therefore erred in failing to weigh the evidence and articulate her reasons for disregarding it. (Id.)

In his objections to the Report and Recommendation, Defendant argues that: (1) Plaintiff was not entitled to present additional evidence at the hearing because 20 C.F.R. § 416.1416 does not apply in the instant case; (2) Magistrate Judge Cohn misapplied the "as soon as practicable" language found in Social Security Ruling 17-4p in order to circumvent the Five-Day Rule; (3) the Administration's Five-Day Rule is a valid exercise of rulemaking authority, and Magistrate Judge Cohn's review of the rule was insufficiently deferential to the Administration under existing Supreme Court precedent; (4) the regulations are not misleading, as 20 C.F.R. § 416.1450, which covers admissible evidence, is explicitly limited by the Five-Day Rule; (5) the ALJ was not required to make "every reasonable effort" to acquire the RFCs in question because they were not "necessary in order to properly make [a] determination," and therefore the ALJ did not violate 42 U.S.C. § 423(d)(5)(B) by excluding them; and (6) the Five-Day Rule is a legitimate agency policy choice and the ALJ did not abuse his discretion by declining to accept late-submitted evidence. (Doc. No. 21.) Defendant did not address Magistrate Judge Cohn's finding that the ALJ was required to give a reason for the rejection of evidence considered at the hearing, even if that evidence was technically excluded under the Five-Day Rule. In response to Defendant's objections, Plaintiff reiterated the positions articulated by Magistrate Judge Cohn in the Report and Recommendation. (Doc. No. 22.)

The Magistrate Act, 28 U.S.C. § 636, and Federal Rule of Civil Procedure 72(b) provide that any party may file written objections to a magistrate judge's proposed findings and recommendations. In deciding whether to accept, reject, or modify the Report and Recommendation, the Court is to make a de novo determination of those portions of the Report

and Recommendation to which an objection is made. See 28 U.S.C. § 636(b)(1); M.D. Pa. L.R. 72.3. The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." See id.

Having considered the filings of both Defendant and Plaintiff, the Court will overrule Defendant's objections and adopt the pending Report and Recommendation only insofar as it addresses the duty of the ALJ to articulate the weight given to the opinions of treating physicians included in the record and to develop the record as to the opinions of treating physicians. The case can be determined on these narrow issues alone. Accordingly, in reviewing both the Report and Recommendation and Defendant's associated objections, the Court addresses only the issues raised by the purported exclusion of the late-submitted RFCs and the ALJ's contrary choice to then address those RFCs at the hearing, as well as implicitly in her written decision. The Court does not reach the questions of whether failure to admit the late-submitted RFCs was an abuse of discretion on the part of the ALJ or whether Plaintiff falls under an exception to the Five-Day Rule.

The Court concurs with Magistrate Judge Cohn's conclusion that the consideration of written evidence by the ALJ at a hearing makes that evidence a part of the record, and as part of the record, the ALJ must justify the weight she affords it her written decision. (Doc. No. 18 at 14-17.) In a social security case, the record consists of "the pleadings and transcript," upon which the court can enter a judgment and remand for rehearing. See 42 U.S.C. § 405(g); Neumerski v. Califano, 456 F. Supp. 979, 980 (E.D. Pa. 1978). Despite deciding at the outset of Plaintiff's hearing that the Watkin RFCs would be excluded under the Five-Day Rule, the ALJ went on to address the substance of the RFCs filled out by Dr. Watkin both at the hearing and in her written opinion. (Doc. No. 14-2 at 23, 77-82.) At the hearing, the ALJ questioned the

vocational expert about the impact of Plaintiff's physical, medical, and headache-related limitations on the range of jobs available to her, specifically referring to the RFCs prepared by Dr. Watkin.  (Doc. Nos. 14-2 at 77-82, 18 at 13-14.)  Likewise, the ALJ's written opinion contains discrete findings as to Plaintiff's physical limitations that, although not attributed to Dr. Watkin by the ALJ, appear only in his RFCs and have no other apparent source.  (Doc. No. 14-2 at 23.)  In particular, the ALJ's decision finds that Plaintiff "must alternate between sitting and standing on a half hour basis and must be able to elevate her leg 7 ½ inches when sitting."  (Id.)  These findings are drawn directly from Dr. Watkin's RFC on Plaintiff's physical impairment.  (Doc. No. 15-3 at 3.)  They do not appear in any of the opinions or medical records upon which the ALJ officially relied, including the opinions of the state agency consultants.  (Doc. No. 14-3 at 3-13.)  The inclusion of Dr. Watkin's medical opinions as to Plaintiff's functional limitations both at the hearing and in the ALJ's written opinion means that they were not actually excluded by the ALJ under the Five-Day Rule.  Rather, the RFCs were used by the ALJ in her fact-finding at the hearing and in her ultimate disposition of the case, and so became a part of the record.  See 42 U.S.C. § 405(g); Neumerski, 456 F. Supp. at 980.

Once evidence is part of the record, the ALJ may disregard it if she feels it is irrelevant or lacking in credibility, but she also must "give some indication of the evidence that [she] rejects and [her] reason(s) for discounting that evidence."  See Fargnoli v. Massanari, 247 F.3d 34, 43 (3d Cir. 2001) (remanding a case in which an ALJ failed to explain the implicit rejection of conflicting evidence); 20 C.F.R. § 416.945(a)(1) (establishing that residual functional capacity assessment is based on "all the relevant evidence" in a claimant's case record); Burns v. Barnhart, 312 F.3d 113, 129 (3d Cir. 2002); Cotter v. Harris, 642 F.2d 700, 704-705 (3d Cir. 1981) (explaining the reasons why the decision of an ALJ "should be accompanied by a clear

and satisfactory explication of the basis on which it rests" and should give an "indication of the evidence which was rejected").  Records of a claimant's treating physician are afforded greater deference than other types of evidence, such as claimant testimony or the opinions of non-treating experts.  <u>See</u> 20 C.F.R. § 416.927(c).  In some circumstances, the records of a treating physician are given controlling weight.  <u>Id.</u>

Additionally, 42 U.S.C. § 423(d)(5)(B) requires that the ALJ make "every reasonable effort to obtain from the individual's treating physician…all medical evidence…necessary in order to properly make [a] determination."  When ALJs fail to abide by the statutory requirement to develop the record, courts have identified remand to the Administration as an appropriate remedy.  <u>See</u> <u>Poulos v. Comm'r of Soc. Sec.</u>, 474 F.3d 88, 94-95 (3d Cir. 2007) (ordering remand where the ALJ did not sufficiently develop the record as to vocational evidence); <u>Hess v. Sec'y of Health, Educ., and Welfare</u>, 497 F.2d 837, 841 (3d Cir. 1974) (ordering remand to further develop the record because "readily obtainable information was not secured so as to resolve doubts" about the plaintiff's right to disability benefits); <u>Gauda v. Comm'r of Soc. Sec.</u>, No. 19-cv-00076, 2020 WL 2507334, at *4 (W.D.N.Y. May 15, 2020) (finding that the ALJ's duty to develop the record "exists even when claimant is represented by counsel"); <u>Heinitz v. Califano</u>, 428 F. Supp. 940, 949-50 (W.D. Mo. 1977) (ordering remand where the claimant "initially bore the burden of proof to sustain her claim of disability and failed to do so").  Reading the requirement to give deference to the opinions of treating physicians together with the requirement that the ALJ develop the record specifically as to the opinions of treating physicians, it becomes clear that the ALJ does not have discretion to summarily address and dismiss the opinions of treating physicians on the record without indicating the weight they were afforded.

6

Magistrate Judge Cohn is correct in finding that, as part of the record in this case, the ALJ was required to give deference to the Watkin RFCs, to develop the record in respect to Dr. Watkin's opinions, and to explain the weight afforded to those opinions in the final disposition of the Plaintiff's case.  The ALJ's failure to do so is in direct violation of the Administration's own regulations and organic statute.  See 20 C.F.R. § 416.927; 20 C.F.R. § 416.945(a); 42 U.S.C. § 423(d)(5)(B).  Defendant claims that the excluded records were not "necessary" to make a determination in Plaintiff's case, and therefore do not fall under 42 U.S.C. § 423(d)(5)(B).  (Doc. No. 21 at 14-15.)  However, the ALJ's focus on these purportedly excluded documents at the hearing suggests they were necessary to her reasoning.  (Doc. No. 18 at 13-14.)  If the documents were unnecessary or irrelevant, the ALJ would not have mentioned them three times during the hearing, questioning the vocational expert with hypotheticals drawn from the RFCs' content. (Id.)  Insofar as the ALJ may have found Dr. Watkin's RFCs confusing or incomplete, once the RFCs were incorporated into the record by reference, the ALJ was required to develop the record as to Dr. Watkin's opinions.[2]  Likewise, as part of the record, the ALJ was required to explain the weight given to the Watkin RFCs, taking into account Dr. Watkin's status as one of Plaintiff's treating physicians.

In summary, the Court finds that the ALJ committed procedural errors by:  (1) relying on the Watkin RFCs at the hearing and in her opinion but failing to explain the weight afforded to the RFCs; and (2) failing to further develop the record as to the opinion of Dr. Watkin, insofar as the ALJ believed the records provided were unclear or incomplete.

---

[2] There is some indication in the hearing transcript that the ALJ found one or all of the RFCs confusing.  At one point in the hearing, the ALJ referenced the contents of an RFC, calling it "difficult to read."  (Doc. No. 18 at 13.)

Once the reviewing court determines that the ALJ committed a procedural error, it must examine whether the ALJ's error was harmless.  See Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011); Zirnsak v. Colvin, 777 F.3d 607, 618 (3d Cir. 2014).  A harmless error is not grounds for remand or reversal.  See Zirnsak, 777 F.3d at 619-20.  "[A]n error is harmless when, despite the technical correctness of an appellant's legal contention, there is also no set of facts upon which the appellant could recover."  Brown, 649 F.3d at 195 (internal quotations and citation omitted).  However, even when the Commissioner's decision is supported by substantial evidence, it may not be upheld where the Administration fails to follow its own regulations and "that error prejudices a claimant on the merits."  See Clinkscales v. Colvin, 232 F. Supp. 3d 725, 740 (E.D. Pa. 2017) (internal citations and quotations omitted).  Mirroring the instant case, several courts of appeal have ruled that an ALJ's failure to address an RFC provided by a plaintiff's primary treating source supporting a finding contrary to the ALJ's was an error warranting remand.  See Marsh v. Colvin, 792 F.3d 1170, 1173 (9th Cir. 2015); Bowen v. Comm'r of Soc. Sec., 478 F.3d 742, 749-50 (6th Cir. 2007).

The Court finds that the ALJ's error in this case was not harmless.  The ALJ determined that Plaintiff was not disabled (Doc. No. 14-2 at 27-28), a finding directly contrary to the RFCs from Dr. Watkin, which stressed a number of severe limitations on Plaintiff's ability to perform work-related tasks due to her physical and mental conditions (Doc. Nos. 15-3, 15-4, 15-5).  While the record contains medical records from Plaintiff's emergency room visits and appointments with other treating physicians, no treating physician besides Dr. Watkin filled out an RFC on Plaintiff's behalf.  (Doc. Nos. 14-2, 14-3, 14-6, 14-7, 14-8, 14-9, 14-10, 14-11, 14-12.)  The only record evidence directly opining on Plaintiff's disability status are opinions from the non-treating state agency consultants.  (Doc. No. 14-3 at 3-13.)  While the state agency

8

consultants express the opinion that Plaintiff is not disabled (Doc. No. 14-3 at 12), Dr. Watkin's assessments suggest a higher level of both physical and mental impairment.  (Doc. Nos. 15-3, 15-4, 15-5.)  Specifically, the Watkin RFCs indicate that: the Plaintiff cannot sit continuously for more than thirty (30) minutes at a time and must take breaks to walk for fifteen (15) minutes after each interval of sitting (Doc. No. 15-3 at 3); Plaintiff would have to take unscheduled breaks during the work day amounting to "at least 3 hours" (Doc. No. 15-5 at 5); and Plaintiff would likely be absent from work on four or more days each month due to her medical issues (Id. at 6).  Dr. Watkin also found that Plaintiff is incapable of working even a "low stress" job because of her chronic, severe migraines.  (Id.)  Additionally, the ALJ's finding that Plaintiff's anxiety "does not cause more than minimal limitation" to her ability to "perform basic mental work activities" (Doc. No. 14-2 at 22) is directly contrary to Dr. Watkin's assessment, which indicates that Plaintiff has "marked" functional limitations due to mental illness, including difficulty with her memory, concentration, ability to maintain pace, and with "adapting or managing" herself (Doc. No. 15-4 at 8-9).  While the ALJ may have had good reason for crediting the other medical evidence on the record above the RFCs filled out by Dr. Watkin, because the ALJ did not articulate those reasons or seek to develop the record further as to the assessments of Dr. Watkin, the Court has no option but to remand this case to the Administration for further consideration.

Because the ALJ committed a procedural error in the disposition of this case and because that error may have prejudiced Plaintiff, the Court orders a remand to the Administration under sentence four of 42 U.S.C. § 405(g).  The Court makes no judgment on the merits of Plaintiff's case.

**ACCORDINGLY**, on this 30th day of November 2021, upon independent review of the record and the applicable law, **IT IS ORDERED THAT**:

1. The Court **ADOPTS** the Report and Recommendation (Doc. No. 18) of Magistrate Judge Cohn, insofar as he finds that the ALJ failed to adequately address the weight afforded to medical evidence on the record and failed to adequately develop the record as to the opinion of Plaintiff's treating physicians;

2. Defendant's objections (Doc. No. 21) to the Report and Recommendation (Doc. No. 18) are **OVERRULED**;

3. The Commissioner's decision is **VACATED** and this case is **REMANDED** to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g); and

4. The Clerk of Court is directed to enter judgment in favor of the Plaintiff and against the Commissioner and to **CLOSE** this case.

s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania
